UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

D.R, a minor, by and through his mother,
natural guardian and next friend,
HEATHER RIALE,

    Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

D.R., a minor, by and through his mother, natural guardian and next friend Heather Riale, , a citizen and resident of the State of Texas, sues Defendant CARNIVAL CORPORATION, a Panamanian corporation with its principal place of business in the State of Florida, d/b/a CARNIVAL CRUISE LINES, and alleges:

**JURISDICTION, VENUE AND PARTIES**

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. The minor D.R. is a permanent resident of Texas. He is proceeding in this case through his mother, natural guardian and next friend, HEATHER RIALE, who is also a permanent resident of Texas.

D.R. v CARNIVAL CORPORATION
CASE NO.

3. Defendant CARNIVAL CORPORATION (CARNIVAL) is a Panamanian corporation with its principal place of business in Miami, Miami-Dade County, Florida. At all material times Defendant CARNIVAL CORPORATION has done business under the fictitious name "CARNIVAL CRUISE LINES." For federal jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4. Subject matter jurisdiction exists, based on diversity of citizenship pursuant to 28 U.S.C. §1332(a) (2). As alleged above there is complete diversity in citizenship of the parties because Plaintiff is and at all material times has been a citizen and resident of the State of Texas, while Defendant CARNIVAL is a citizen both of Panama and of Florida for jurisdictional purposes. The amount of damages claimed exceeds the minimum jurisdictional amount required for diversity of citizenship cases, and is supported by the injuries alleged in Paragraph 13 below, including a broken elbow.

5. At all material times, Defendant CARNIVAL has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, creating continuous and systematic contacts with the State of Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6. In the operative ticket contract, CARNIVAL requires fare paying passengers such as the Plaintiff to bring any lawsuit against CARNIVAL arising out of injuries or events occurring on the cruise voyage in this federal judicial district.

7. The principal place of business of CARNIVAL is located in Miami-Dade County Florida. Accordingly, venue is proper in this Court.

D.R. v CARNIVAL CORPORATION
CASE NO.

8.      At all material times, Defendant CARNIVAL operated, managed, maintained and was in exclusive control of the passenger cruise vessel VALOR.

9.      Plaintiff has complied with all conditions precedent to bringing this action including providing CARNIVAL a timely written notice of claim as required by the ticket contract, in addition to the injury's being reported to and documented by the ship's medical crew shortly after it occurred.

## LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

10.     At all material times, CARNIVAL was and has been engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S "VALOR."

11.     At all material times, Defendant Carnival operated, managed, maintained and was in exclusive control of the VALOR.

12.     At all material times, the Plaintiff was a fare-paying passenger on board the VALOR and in that capacity was lawfully present on board CARNIVAL's vessel.

13.     On or about October 15, 2019, Plaintiff was walking through a doorway on Deck 10 when he tripped and fell on a metal threshold.

14.     At all material times CARNIVAL knew or should have known that the metal threshold on which the Plaintiff tripped posed a tripping hazard for passengers walking over it due to its condition and the length of time the protruding metal condition had existed. Common sense dictates that a metal threshold which extends from the ground can create a tripping hazard that would be apparent to all Carnival crewmembers as they routinely clean the floors in the area at least once a day.  Additional evidence of notice comes from:

D.R. v CARNIVAL CORPORATION
CASE NO.

a. Safety Minute notes for August 2015 indicate crewmember knowledge that passengers are likely to be injured due to several listed causes, including thresholds not normally found on land resorts. (Composite Exhibit A at 3).

b. As a result of Carnival's knowledge that thresholds pose a trip and fall hazard for passengers, Carnival specifically tracks trip and fall accidents that occur on thresholds. (Composite Exhibit A at 1)

c. Other Safety Minute meetings demonstrate a Carnival policy of advising passengers and crew to "be mindful of thresholds when walking around." (Composite Exhibit A at 2).

15. As a direct and proximate result of the fall described in the preceding paragraphs, the Plaintiff was injured in and about his body and extremities, including a broken elbow and suffered pain therefrom, and sustained mental anguish, disfigurement, disability and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of her injuries. The Plaintiff has suffered lost wages and benefits in the past. In addition, Plaintiff has also experienced a loss of future earnings and a reduction in her overall benefits and her retirement benefits. She has also sustained activation or aggravation of preexisting injuries. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I – NEGLIGENT FAILURE TO CORRECT
## KNOWN DANGEROUS CONDITON

16. The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1 through 15 above and further alleges the following matters:

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

D.R. v CARNIVAL CORPORATION
CASE NO.

17. At all material times, CARNIVAL owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the onboard metal thresholds within the common areas on the VALOR in a condition reasonably safe for passenger use.

18. At all material times, the onboard metal threshold in question on the VALOR over which the Plaintiff tripped as described in Paragraph 13 was in a foreseeably high traffic area due to its being used by passengers to travel to and from their cabins.

19. At all material times CARNIVAL knew or should have known that the onboard metal threshold referenced in Paragraph 13 above was in a condition unreasonably dangerous for passengers due to metal protruding from it and its being in a foreseeably high traffic area as alleged above.

20. Notwithstanding CARNIVAL's actual or constructive knowledge of the dangerous condition of the onboard metal threshold referenced above, CARNIVAL failed at all material times before the Plaintiff tripped and fell on the threshold to correct or compensate for its dangerous condition by replacing or repairing it, redirecting passengers to other routes to their cabins, guiding or assisting passengers to their cabins, or otherwise, and was thereby negligent.

21. As a direct and proximate result of CARNIVAL's negligence as described above, the Plaintiff tripped on the onboard metal threshold and fell as described in Paragraph 13 above and as a proximate result has sustained and will continue in the future to sustain the damages alleged in Paragraph 15 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant CARNIVAL for compensatory damages and the costs of this action.

D.R. v CARNIVAL CORPORATION
CASE NO.

## **COUNT II – NEGLIGENT FAILURE TO WARN**

22.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1 through 15 above and further alleges the following matters:

23.     At all material times, CARNIVAL owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn passengers including the Plaintiff of onboard tripping hazards such as the onboard mental threshold referenced in Paragraph 13 above.

24.     At all material times, the onboard metal threshold on the VALOR the Plaintiff tripped on as described in Paragraph 13 above was in a foreseeably high traffic area due to its being used by passengers to return to their cabins.

25.     At all material times CARNIVAL knew or should have known that the onboard metal threshold referenced in Paragraph 13 above was in a condition unreasonably dangerous for passengers due to protruding metal and due to it being in a foreseeably high traffic area as alleged above.

26.     Notwithstanding CARNIVAL's actual or constructive knowledge of the dangerous condition of the threshold referenced above, CARNIVAL failed at all material times before the Plaintiff tripped on the metal threshold to warn passengers including the Plaintiff of its unsafe condition through appropriate signage or markings, cordoning off the area, oral or written warnings or notices, or otherwise, and was thereby negligent.

27.     As a direct and proximate result of CARNIVAL's negligence as described above, the Plaintiff tripped over the threshold described in Paragraph 13 above, fell and as a proximate result has sustained and will continue in the future to sustain the damages alleged in Paragraph 15

D.R. v CARNIVAL CORPORATION
CASE NO.

above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant CARNIVAL for compensatory damages and the costs of this action.

### COUNT III – NEGLIGENT MAINTENANCE

28. The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1 through 15 above and further alleges the following matters:

29. At all material times, CARNIVAL owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the onboard metal thresholds within the common areas on the VICTORY in a condition reasonably safe for passenger use.

30. At all material times, the onboard metal threshold in question on the VALOR over which the Plaintiff tripped as described in Paragraph 13 was in a foreseeably high traffic area due to its being used by passengers to travel to and from their cabins.

31. At all material times CARNIVAL knew or should have known that the onboard metal threshold referenced in Paragraph 13 above was in a condition unreasonably dangerous for passengers due to metal protruding from it and its being in a foreseeably high traffic area as alleged above.

32. Notwithstanding CARNIVAL's actual or constructive knowledge of the dangerous condition of the onboard metal threshold referenced above, CARNIVAL failed at all material times before the Plaintiff tripped and fell on the metal threshold to maintain the threshold adequately by repairing or replacing it, cordoning off the area, guiding or assisting passengers to their cabins, or otherwise, and was thereby negligent.

D.R. v CARNIVAL CORPORATION
CASE NO.

33.     As a direct and proximate result of CARNIVAL's negligence as described above, the Plaintiff tripped on the onboard metal threshold and fell as described in Paragraph 13 above and as a proximate result has sustained and will continue in the future to sustain the damages alleged in Paragraph 15 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant CARNIVAL for compensatory damages and the costs of this action.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Dated, this 14th day of March, 2022.

**s/NICHOLAS I. GERSON**
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
filing@gslawusa.com
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone:    (305) 371-6000
Facsimile:    (305) 371-5749